And, incredibly, we have come to the last case of the day, 23-14-64, and that is Jackson v. Methodist Health Services. And hello, Ms. Hager. Hello, and good afternoon. May it please the court? Thank you. My name is Bethany Hager, attorney on behalf of Amanda Jackson, plaintiff and appellant in this case, and thank you for allowing me to be your second COVID mandate case of the day. I got to preview a few of the arguments. I'd like to step back a little bit in that context of COVID-19, excuse me, further into some Illinois law and even federal law and remind us that disease mitigation is a public health issue. Before we do that, looking at Appellate Procedure 28A6, why shouldn't we dismiss this case for failure to comply with the rule? Which rule? I'm sorry. Appellate Rule 28A6. I apologize for any failure to comply with the rules. It was unintentional. We don't have what we need or what's required under the rule to have a sufficient brief in front of us. The appendix? There's no background. I apologize for that. It was unintentional. All right. So here's what we have. All right. We have the letter attached to the complaint granting Ms. Jackson a permanent exemption. From the vaccine requirement. And we have the allegations in the complaint referring to a requirement that she either be vaccinated or tested. So can we not assume that the real issue in this case is that the exemption from the vaccine was conditioned on her willingness to submit to regular testing as opposed to her being denied an exemption? She alleged in the complaint that while the documented paper given to her before the executive order was issued, granted an exemption from vaccine, then she was verbally told later that the exemption would not be honored. And so in the end, her termination after some back and forth with the government, she was not able to not submit to the vaccination because that exemption was not honored in the end. But is there any real dispute that the governor's executive orders allow for a vaccine exemption on religious grounds so long as the individual undergoes regular testing? So the bigger issue is that it's not the governor's executive order that should have been guiding the party's behavior in this matter. Illinois has a thorough statutory plan for dealing with disease mitigation, which again is a public health issue under United States Supreme Court precedent and Illinois has thorough statutory precedent in place for how to go about requiring any vaccination or testing that is to be required. One is the public health code. All I can see in the complaint, okay, as a basis for her objection to testing is that she perceives it to be arbitrary. So I would really be very appreciative if you can tell me where is there an indication that her objection to testing is one based on her religious beliefs. There are allegations in the complaint that the testing objection is also based on religious beliefs stemming from the connection to aborted fetal cells stemming from the individual right to conscience and determination of personal health and bodily continuity. However, in the larger picture, it is arbitrary to say that because we're either going to require vaccination or we're going to require testing. That's an arbitrary requirement from the employer because again, Illinois has a statutory scheme in place. So the reliance on Illinois law. I'm sorry. Go ahead Miss Hager finish your thought just that there's a statutory scheme in place. The employer is responsible to follow that the law that's already in place. Okay. So when I when I look at the case in the complaint, it seems pretty clear your client brought a title 7 claim, right? Is there any claim brought under the due process clause of the 14th Amendment to the US Constitution? Not in the original complaint in this one. I think the district court made some allusions to the due process application and 14th Amendment. And so that's why they're addressed in the brief. Okay. The reason I'm asking you that question is because when when Miss Jackson raises points about Illinois law and procedural points about Illinois law in the face of a health crisis or a health pandemic in this situation. The argument can't be that failure to follow Illinois law violates title 7, correct? In when so when the executive order comes out, which by the way was his 88th executive order in 18 months regarding COVID that executive order comes out. There's been this span of time where the Illinois legislature was in session could have addressed. Are we going to somehow amend the health code amend? Maybe the influenza vaccine code amend some other statute to put in place a statutory scheme dealing with COVID-19 vaccine specifically in that span of time when those hadn't been done, then you're not dealing with the health crisis necessarily that doesn't allow us to still take those due process measures which are required by the Illinois Public Health Code. If there is a disease that's not previously addressed by anything else out there and the local health department believes that people need to vaccinate or test for it. There's that process for them to go to court. So what I'm confused about though is Miss Jackson clearly has brought a title 7 claim. The title 7 claim is religious accommodation, correct? It doesn't have anything to do with whether state officials are following or are not following Illinois law. So because the waters were muddy by not following that process, then you do end up with a title 7 violation because the previous statutory processes and other due process requirements weren't followed. You're going to end up crossing the boundaries of people's title 7 protections when they have spoken up and said, wait a minute, you know, it doesn't you haven't followed this process. You haven't followed this process and then they have to fall back on My conscience won't allow me to go along with this requirement. Okay. So your point is that the failure to follow Illinois law here is not a violation of the US Constitution. It's a violation of title 7. It's part of her religious accommodation claim. That's is that the point you're making? In this case, the failure to follow all of that created a context where plaintiff's title 7 protections were not honored. They almost couldn't be honored because of the context that surrounded everything else that was happening. I have sympathy, I guess, for the position that employers were put in by that context. It would have been very difficult for them to navigate a way to honor. Can you finish your train of thought here is how this now comes back under title 7. And so if you would just keep going there because there was a violation of state law or alleged violation of state law not following their procedures. How do we get back under title 7? So then all of the state procedures that were laid out clearly to follow weren't followed now employers and employees are having to navigate. How do we handle there's this requirement employers feel like they're under to make people get the covid vaccine or to test but employees are realizing this isn't right. It can't happen. And really the only defense that becomes left to them with regard to their employers to say my conscience doesn't allow me to go forward with this and that is when it becomes a title 7 claim or dispute. But is that a social political religious? This plaintiff does have religious objections to the vaccine. She spelled that out to her employer. That's why the documented exemption originally was given to her. But then we go back to my original question. It seems to me she was opposed to testing. Yes, once you state your objection to the vaccine in the workplace and you're given this only other alternative of testing her conscience could not allow her to follow that path either. There's there's problems with the testing. There's problems with being singled out in the workplaces. It was known among your your co-workers who was vaccinated and who was not because then you were singled out to have to go for this testing. Everybody knew it and so that is discriminatory treatment. It's a hostile work environment that's created because she stood up for her religious objection to the vaccine specifically. Now, there's this hostile work environment and disparate treatment that she singled out for the testing asymptomatic testing by the way, it's not testing because she has sniffles or a fever or other symptoms. It's you go test every week every 72 hours every whatever time period just because we designate that to be the time period and what religious tenant does she rely on for not wanting testing? It's the link of the coat. The vaccine development has links to aborted fetal cells. And so that link to abortion which is a violation of her moral beliefs to participate in or encourage in any way the process of abortion. Okay, my time is up. Thank you. Thank you. Okay. Hello, mr. Drink wine. Good afternoon, your honor. May it please the court. Chris drink wine for Methodist Health Services Corporation. Plaintiff has not stated a title 7 claim for fair to accommodate her religious objection to the covid-19 vaccination or her objection to covid testing and the district court was entirely correct in dismissing count one with prejudice plaintiffs. First contention is that the district court failed to accept as true her allegation that following the issuance of the governor's executive order. She was told that her religious exemption from the vaccine requirement would be would not be honored because the administrative order did not allow for such exemptions. The district court gave three reasons why the exhibits to the complaint contradict that allegation and in its appellees brief Methodist argued that those reasons were sound. It's important to note that plaintiff has not filed a reply brief in this case and is therefore waived any responses. She could have advanced in opposition to Methodist arguments. This court recently explained in Bradley the village of University Park that an appellant may waive non-jurisdictional argument by failing to respond in a reply brief to new arguments raised by the appellee. Putting the waiver aside the district court gave three reasons for finding the contradiction. The religious exemption is permanent the administrative or they excuse me, the governor's executive order specifically States that religious exemptions would be honored and the executive order States that unvaccinated health care workers must comply with weekly covid testing not that they will be placed on unpaid leave or excluded from the health care facility. So the district court did not err in finding or did not err in failing to accept this true plaintiffs allegation that her exemption from the vaccination was revoked. Did that executive order carry? I guess the force of state law the executive order carried the force of state law and Methodist was required to follow its directives. Absolutely your honor. So the if if you had not what would be the result? Well, I suppose there was all manner of liability that could have been there's a 7th circuit that talk about putting the employer on the razor's edge of liability when it's required to violate the law and if she were to work in an unvaccinated untested state, she would as a nurse, she would be exposed to patients and so forth and you know, perhaps one of them would have a claim against Methodist for allowing her to continue to work in her unvaccinated untested state. But but it's also important to recognize in this case that whether they whether the allegation that she had her religious exemption to testing revoked or not isn't isn't that important because whether or not she had the religious exemption to the vaccine she would have had to test anyway, and she has alleged that she has a religious objection to both the vaccine and testing and that she would not take those under any circumstances. So vaccine exemption or no vaccine exemption. She would have remained unvaccinated and the governor's executive order establishes that plaintiff's religious objection to the vaccine was reasonably accommodated by allowing her to test whether she had the exemption or not. She would have been required to test. Plaintiff has also alleged that her objection to the to the testing is religious in nature and she in fact refused the testing which then led to the requirement that she be excluded from Methodist health care facility under the terms of the executive order which necessitated her termination. So plaintiff's own allegations together with the terms of the executive order contradict her allegation that she was terminated for refusing the vaccine. What do we do with the argument though, but Methodist complying kind of with the executive order transform this private actor into a public actor? Well, that can't be the law your honor because anytime anyone followed the law they would be transformed into a public actor for purposes of a See how that could be the law. So there's no I I didn't I don't see any reference at all to the US Constitution in the verified complaint. Well, she is the words due process, but I agree that no right it seems right but she are but Miss Hager articulated that the due process violation we want to call it that is part of the substantive title 7 failure to accommodate claim. In other words for Methodist standpoint. They're simply following the governor's executive order that they have to follow and that argument the due process argument is really challenging the executive order not not Methodist has no inclination or ability to defend the due process whether the executive order complies with due process or not. They simply have to follow it as an employer subject to it in the state of Illinois. So in other words, there's a subject matter jurisdiction problem traceability on article 3 standing because Methodist Hospital doesn't enforce the executive order the governor of Illinois does. The governor of Illinois promulgates and issues it and everybody in the state of Illinois has to follow it. Yes. There's no supplemental jurisdiction invoked in the amendment. I I don't I've tried to figure out the due process claim. I can't figure it out because there's also no invocation of 28 USC 1367 the supplemental jurisdiction statute because I thought possibly it's a state law claim of some kind. Well, that's what I thought your honor. I read it as such. It's specifically under section 2 of the if we're talking about count 3 it's except it's expressly under section 2 of the Illinois Department of Public Health Act and there's there's several reasons why the district court was correct in dismissing count 3. First the Illinois appellate court in in Moorview Lumpkin, which is at 258 Illap third 980 page 998 held that there's no private right of action under section 2 of the Illinois Department of Public Health Act the section that plaintiffs brings that count under and going to the question due process rights afforded to citizens under this act or any other. That's a protection afforded to them against conduct by government actors not by private actors like like Methodist. Well, there are circumstances where private actor can become a state actor for due process purposes. None are alleged in this complaint. Can I go back to Judge Rovner has always had started with a good question. Could I circle back to get your perspective on it? And that was I'll put it I'll put it in my words in my view that the complaint is quite thin on allegations about testing violating religious convictions. What's the most specific allegation you can think of in the complaint on testing? There isn't one. I shared the view that she hasn't adequately alleged a sincere religious objection based on testing now on the vaccination. We gave her that exemption. That's not really an issue, but I'm testing there's no religious objection to it per se and I don't follow the whole thing with the with the stem cells and so forth. So our position is that's not adequately pled because she hasn't pled. In fact, she's put a health reason or a fairness reason not a religious reason and she also hasn't alleged that she made her religious objection to testing known to Methodist if she has one and that's another problem, but put an even bigger point on that is even if she had your honor alleged a violation failure to accommodate her religious objection to testing Methodist wouldn't be required to break the law in order to provide an accommodation and that's where we urge the court to follow or adopt the reasoning of the district court in the Goodrich case. Where the court acknowledged that undue hardship is ordinarily an affirmative defense, which is not a basis for dismissal, but it's cited Seventh Circuit Authority for the exception to that rule where it's clear that the plaintiff's claim is barred as a matter of law and the court found it barred as a matter of law because it would have to accommodate the accommodation of no testing would require it to violate the law and it relied on a Ninth Circuit opinion in Sutton V. Providence st. Joseph Medical Center and a Sixth Circuit opinion in Jaeger V. First Energy Generation Corp where title 7 claims were dismissed on 12 B6 motions because the defendant established that a religious accommodation would cause the employer undue hardship by requiring it to violate the law and in the Goodrich case, of course, it's the same governor's executive order at issue and they specifically found that allowing the worker to go to work that's unvaccinated without testing would be an unreasonable accommodation because it would require them to violate the law and there's one more point if you indulge me, there's an alternate another alternate ground that this court could affirm the district court on. As far as the dismissal of count one goes the first element of any title 7 failure to accommodate religion is a sincere religious belief that conflicts with an employment requirement. The Sixth Circuit in Jaeger talked about the courts using different analysis to get to the point of of concluding that you don't have to violate the law to reasonably accommodate them and one line of authority is that the the they've reasoned that an obligation imposed by law is not an employment requirement and if this court were to agree with that though the the law within the executive order requiring health care workers to be vaccinated and unvaccinated workers to be tested would negate the first element of plaintiff's title 7 claim altogether and this court held in Thompson the Illinois Department of Health professional regulation, which is at 300 F 3rd 750 page 754 that were a plaintiff attaches documents and relies upon documents to form the basis for a claim or part of a claim dismissal is appropriate if document negates that claim so if the obligation imposed by law is not an employment requirement the directives in the executive order negate the first element of plaintiff's title 7 claim and if this court were inclined to affirm the district courts dismissal of count one it could on that it is okay thank you all right miss Hager miss Hager used all of her time to give her her three minutes please the defendant's position is that the executive order has the force of law and they had to follow it and that is why we have this discussion of the due process context around that executive order because the executive order cannot be state law that's the Youngstown site that's in our brief executive orders cannot change law they are not state law they don't have the force of law their executive orders only laws made through the legislature so if the executive order was a law it still has a due process problem by not giving an exemption from the testing requirement which was a thought-out process in the Illinois Public Health Code whether it's the due process to the person who wants to refuse the receipt of that medical process so even if you're going to give the executive order the force of law which Supreme Court precedent says we should not then it still has a due process problem by not including that exemption for testing you're going to have those problems when the executive branch steps into the purview of the legislative branch in these times of crisis and I want to get leave you with the Supreme Court citation from number 22-592 it's a May 2003 United States Supreme Court decision early enough that we have the volume number 598 but not the page number from it and Justice Gorsuch made this statement since March it's Arizona be Mayorkas since March 2020 we may have experienced the greatest intrusions on civil liberties in the peacetime history of this country and then he goes through a litany of executive officials issuing emergency degrees decrees on various issues throughout the country fear and the desire for safety are powerful forces a leader or an expert who claims he can fix everything if only we do exactly as he says can prove an irresistible force the concentration of power in the hands of so few may be efficient and sometimes popular but it does not tend towards sound government if emergency decrees promise to solve some problems they threaten to generate others and I would posit that is exactly what happened here in the case of executive order number 88 it promised to solve some problems but it overstepped its bounds and created a host of others for employees and employers across the state of Illinois and by rule says Justice Gorsuch by indefinite emergency edict risk and ruling by indefinite emergency edict risks leaving all of us with a shell of a democracy and civil liberties just as hollow in this instance miss Jackson articulated her religious exemption objection to medical procedures of vaccination and testing and under title 7 in any ordinary case her employer would have needed to to honor that objection and give her an exemption and in the case is my colleague noted earlier of the influenza vaccine in Illinois these exemptions were routinely granted before covid routinely all the employer had employee had to do with state my conscience won't recognize that and gave the exemption and Illinois law has a fallback whereby if there is another health risk or something else coming along then we can address it by asking that employee to go through some other processes but just because it was covid-19 and a pandemic and fear came in people overstepped their bounds made this context where we now do have violation of protection of and I would ask this court to protect those rights and send this case back to the district court for further proceedings thank you thank you miss Hager thank you mr. drink wine case will be taken under advisement this court